IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **D.C., Inc. d/b/a Dirt Cheap Cigarettes and Beer,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Cause No. _____ |
| v. ) | |
| ) | |
| **S.S. & COMPANY of ST. CHARLES ROCK ROAD, INC., a Missouri Corporation,** ) ) ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Serve: Registered Agent:** ) | |
|     **Sukhchain Singh** ) | |
|     **506 Ashford Drive** ) | |
|     **St. Peters, MO  63376,** ) | |
| ) | |
| **S.S. & COMPANY of DUNN STREET, INC., a Missouri Corporation** ) ) | |
| ) | |
| **Serve: Registered Agent:** ) | |
|     **Sukhchain Singh** ) | |
|     **506 Ashford Drive** ) | |
|     **St. Peters, MO  63376** ) | |
| ) | |
| **and** ) | |
| ) | |
|  **SUKHCHAIN SINGH, and Individual** ) | |
| ) | |
| **Serve: 506 Ashford Drive** ) | |
|     **St. Peters, MO  63376** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff D.C., Inc. d/b/a Dirt Cheap Cigarettes and Beer ("Plaintiff" or "Dirt Cheap"), hereby files this Complaint on personal knowledge as to its activities and on information and belief as to the activities of others:

## INTRODUCTION

1.      In 1992, the principals of Dirt Cheap began to discuss the perceived need for the St. Louis market for a well run, customer oriented discount cigarette and liquor retail outlet.  In, January of 1993, Dirt Cheap opened its first retail store on Highway 30 at the Valley Dell exit.  Over the years, Dirt Cheap has become synonymous in the St. Louis market for discount cigarettes and liquor.  Today, Dirt Cheap operates 12 discount tobacco and liquor retail establishments throughout the St. Louis metropolitan area.

2.      Dirt Cheap developed an iconic brand through an aggressive sixteen year advertising campaign.  Since 1994, Dirt Cheap has used a distinctive font, a red color scheme, and now famous phrases, "Cheap Cheap Fun Fun", "Fun Fun Cheap Cheap", "It's always a lot of fun at Dirt Cheap", "We are the last refuge for the persecuted smoker," "The more she drinks, the better you look",  and "Thank you, we're grateful for your business."  Through December 31, 2009, Dirt Cheap has spent $9,189,997.87 for advertising to strengthen its brand. To further protect its brand and advertising phrases, Dirt Cheap obtained valid trademarks with U.S. Trademark Registrations.

3.      Unfortunately, and inevitably, Dirt Cheap's success attracts opportunists seeking to pirate its famous trademarks for their start-up retail establishments. The three Defendants named herein are such opportunists that seek to reap financial rewards by infringing on Dirt Cheap protected trademarks.  Defendants operate nearly identical looking retail discount cigarette and liquor establishments under the banner "Cheap Cheap", utilizing nearly identical font and color schemes that have been used by Dirt Cheap for the last 16 years.  By doing so, Defendants are unabashedly infringing and

diluting Dirt Cheap's famous trademarks. Dirt Cheap's request to withdraw the use of its trademarks was rejected by Defendants.

4. Dirt Cheap, therefore, files this Complaint seeking preliminary and permanent injunctive relief and damages against Defendants for, *inter alia*, trademark infringement, false designation of origin, dilution, and violation of 15 U.S.C. §§ 1051 et seq. and § 417.061, R.S.Mo. and various common law violations.

## THE PARTIES

5. Plaintiff D.C., Inc. d/b/a Dirt Cheap Cigarettes and Beer is a Missouri corporation with its registered agent located at 895 Bolger Court, Fenton, Missouri, 63026. Plaintiff's principle place of business is located in Fenton, Missouri.

6. Plaintiff D.C., Inc. is the owner and operator of the Dirt Cheap retail stores. These stores sell, among other things, alcohol and tobacco products in 12 locations in the St. Louis metropolitan area and one location in Paducah, Kentucky.

7. Upon information and belief, Defendant S.S. and Company of Dunn Street, Inc. is a corporation organized and in good standing in the State of Missouri. Its registered agent is Sukhchain Singh, 506 Ashford Drive, St. Peters, Missouri, 63376. Defendant S.S. and Company of Dunn Street, Inc. is the owner and operator of one or more retail locations which sells, among other things, alcohol and tobacco products.

8. Upon Information and belief, Defendant S.S. and Company of St. Charles Rock Road, Inc. is a corporation organized and in good standing in the State of Missouri. Its registered agent is Sukhchain Singh, 506 Ashford Drive, St. Peters, Missouri, 63376. Defendant S.S. and Company of St. Charles Rock Road, Inc. is the owner and operator of

3

one or more retail locations which sells, among other things, alcohol and tobacco products.

9. Upon information and belief, Defendant Sukhchain Singh is the owner, operator, and employee of S.S. and Company of Dunn Street, Inc. and/or S.S. and Company of St. Charles Rock Road, Inc. Defendant Sukhchain Singh was acting in the course and scope of his employment with S.S. and Company of Dunn Street, Inc. and/or S.S. and Company of St. Charles Rock Road, Inc. when he took the actions which constitute trademark infringement and false designation of origin, and which violated 15 U.S.C. § 1051 et seq. and § 417.061, R.S.Mo., and the Missouri common law, as described in more particularity below.

### JURISDICTION AND VENUE

10. This is a complaint for trademark infringement, trademark dilution, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended (the "Lanham Act"), for common law trademark infringement and unfair competition and for trademark dilution under the laws of the State of Missouri.

11. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants in that they do business and reside in the State of Missouri and in this District.

13. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 in that Defendants are subject to personal jurisdiction in this judicial district, and this is the District in which events giving rise to the claims hereinafter set forth occurred.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. D.C., Inc. d/b/a Dirt Cheap Cigarettes and Beer was incorporated on December 3, 1993 in St. Louis, Missouri.

15. Since December 1993, Plaintiff has operated retail stores in the business of selling alcohol and tobacco products at discounted prices. Currently, Plaintiff operates 12 discount retail alcohol and tobacco stores throughout the St. Louis Metropolitan area.

16. Plaintiff developed an iconic brand through an aggressive sixteen year advertising campaign. Plaintiff has used a distinctive font, and a red color scheme as depicted below:



17. Since 1994, Plaintiff has also used the now famous phrases, "Cheap Cheap Fun Fun," "Fun Fun Cheap Cheap," " It's always a lot of fun at Dirt Cheap," "We are the last refuge for the persecuted smoker," "The more she drinks, the better you look," and "Thank you, we're grateful for your business". Through December 31, 2009, Dirt Cheap has spent $9,189,997.87 for advertising to strengthen its brand.

18. Through its advertising and marketing efforts and its status as a discount retailer of alcohol and tobacco products, Plaintiff has built a large and profitable business due to the strength of its brand, customer service philosophy, and the popularity of the pricing of its products, among other things.

19. To further protect its brand and advertising phrases, Plaintiff obtained valid trademarks with U.S. Trademark Registrations. Plaintiff's trademark registrations pertinent to this action are as follows:

| Dirt Cheap's U.S. Trademarks | | |
|---|---|---|
| Reg. No. | Mark | Goods |
| 3047335 | "Dirt Cheap" | Discount retail alcohol and tobacco sales |
| 2878533 | "Fun Fun Cheap Cheap" | Discount retail alcohol and tobacco sales |
| 2878535 | "Size really does matter" | Discount retail alcohol and tobacco sales |
| 2905628 | "We are the last refuge of the persecuted smoker" | Discount retail alcohol and tobacco sales |
| 2878534 | "The more she drinks, the better you look" | Discount retail alcohol and tobacco sales |

20. Copies of the Registration Certificates for the above-listed federal trademark registrations are attached hereto as Exhibits 1-5 and incorporated as if fully stated herein (hereinafter "Trademarks"). The rights to use the Trademarks of Registration Nos. 2878533, 2878535, 2905628, and 2878534 are incontestable under 15 U.S.C. § 1065.

**DEFENDANTS INFRINGEMENT UPON PLAINTIFF'S TRADEMARKS**

21. Defendants own and operate nearly identical looking retail establishments as Dirt Cheap under the banner "Cheap Cheap" for the purpose of competing directly against Dirt Cheap.

22. Defendants' retail establishments include, but may not be limited to, retail stores located on 1375 Dunn Rd. and 10201 St. Charles Rock Rd. (hereinafter Infringing Operations").

23. Defendants have and continue to intentionally infringe upon Plaintiff's Trademarks by using the phrase "Cheap Cheap" as the name of their retail operations.

6

Not only have Defendants used a phrase which is part of Plaintiff's Registration No. 2878533, but Defendants have also used the same font as depicted in Registration No. 3047335.  Further, Defendants are using the same color scheme when using the phrase "Cheap Cheap" as Plaintiff Trademarks and how it uses its Trademarks in their retail locations and in its marketing and advertising materials.  Defendant also use identical advertising phrases that infringe on Plaintiff's Trademarks, such as "Cheap Cheap Fun Fun Fun!" and "It's Always A Lot of Fun at Cheap Cheap!" See Exhibits 6 and 7, which are incorporated herein by reference.

24.     On or about May 13, 2010, after receipt of Plaintiff's attorneys' cease and desist letter to, Defendants filed with the U.S. Patent and Trademark Office its application seeking to register "Cheap Cheap" (Serial Number 85037557)("Pending Cheap Cheap Trademark Application). See Exhibit 10, which is incorporated by reference herein.

25.     The operation by Defendants of the Infringing Operations in connection with the operation of retail alcohol and tobacco stores advertising, offering for sale, sale and distribution of alcohol and tobacco products is likely to cause confusion, or to cause mistake or to deceive.

26.     Defendants are not authorized by Plaintiff to operate retail alcohol and tobacco establishments, advertise, offering for sale, sell and distribute alcohol and tobacco products while using, in any manner, its Trademarks.

27.     Upon information and belief, the Defendants intentional conduct as described herein is for the purpose to mislead, deceive, and draw customers to the Infringing Operations and away from Plaintiff's places of business.

7

## COUNT I

### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)(A) AND (B)

28. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

29. In the operation of the Infringing Operations, Defendants have used in commerce reproduction, counterfeits, copies, or colorable imitations of all or a portion of Plaintiff's trademarked words, phrases, and drawings or designs.

30. Defendants have violated 15 U.S.C. § 1114(1)(a) in that they have used Plaintiff's Trademarks in connection with the sale, offering for sale, distribution, or advertising of alcohol and tobacco products, among other things.

31. Defendants have also violated 15 U.S.C. § 1114(1)(b) in that they have applied a reproduction, counterfeit, copy, or colorable imitation of part or all of Plaintiff's Trademarks to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce and in connection with the sale, offering for sale, distribution, or advertising of alcohol and tobacco products, among other things.

32. Defendants' use of Plaintiff's Trademark is likely to cause confusion, mistake, and/or deception among customers.

33. Defendants' use of Plaintiff's Trademarks will cause loss of good will and profits to Plaintiff, unjustly enrich Defendants, damage the reputation of Plaintiff's business, and injure the public by causing confusion, mistake, and/or deception.

34. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continued use of Plaintiff's Trademarks.

35. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to damages for Defendants' use of Plaintiff's trademarks, and accounting of profits made by Defendants, and recovery of Plaintiff's costs in this cause of action.

36. Plaintiff has no adequate remedy of law.

## COUNT II

### FEDERAL TRADEMARK DILUTION - 15 U.S.C. § 1125(C)

37. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

38. The Dirt Cheap Trademarks are "famous marks" within the meaning of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous marks prior to Defendants' conduct as alleged herein.

39. Defendants' operation of nearly identical retail establishments under the banner that bears the Infringing Trademarks is likely to cause dilution by blurring, and/or dilution by tarnishment, of the distinctive quality of the Dirt Cheap Trademarks, and was done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the Dirt Cheap Trademarks.

40. Defendants' unauthorized use of the Dirt Cheap Trademarks was done with notice and full knowledge that such use of the Dirt Cheap Trademark was not authorized or licensed by Plaintiff.

41. Defendants' aforesaid acts are in intentional, knowing and willful violation of Plaintiff's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

43. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT III

### FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(A)(1)(A)

44. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

45. Defendants' use of Plaintiff's Trademarks in commerce, as described above, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause a mistake, or to deceive as to the affiliation, connection, or association of the Defendants' retail operation with the retail operations of Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendants' retail operations and products.

46. Defendants' use of Plaintiff's Trademarks will cause a loss of good will and profits to Plaintiff, unjustly enrich Defendants, damage the reputation of Plaintiff's retail operations, and injure the public by causing confusion, mistake, and/or deception.

47. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continued use of Plaintiff's trademarks.

48. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to damages for Defendants' use of Plaintiff's Trademarks, an accounting of profits made by Defendants, and a recovery of Plaintiff's costs of this action.

49. Plaintiff has no adequate remedy of law.

## COUNT IV

### MISSOURI COMMON LAW TRADEMARK INFRINGEMENT

50. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

51. Plaintiff has used and exercised valid trademark rights and the distinctive trademark set forth above.

52. Defendants' conduct constitutes trademark infringement under the common laws of the State of Missouri.

53. Defendants' conduct entitles Plaintiff to recover its damages and costs in this action, together with an accounting of Defendants' profits.

54. Defendants' infringement of Plaintiff's trademarks is irreparably injuring Plaintiff's good will and, unless enjoined by this Court, will continue to do so. Under the common laws of the State of Missouri, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing trademark infringement.

## COUNT V

### VIOLATION OF MISSOURI ANTI-DILUTION STATUTE - MO. REV. STAT. CHAP. 417.061

55. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

56. Plaintiff's Trademarks are valid at common law.

57. Plaintiff's trademarks are "distinctive." Trademarks are distinctive marks within the meaning of Chapter 417 of the Missouri Revised Statutes and have been distinctive prior to Defendants' intentional conduct as alleged herein

58. Defendants' use of Plaintiff's Trademarks on or in connection with the retail operations in the sale of alcohol and tobacco products dilutes the distinctive quality of the Dirt Cheap Trademarks, and was and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the Dirt Cheap Trademarks.

59. Defendants' unauthorized use of the Plaintiff's Trademarks was and is being done with notice and full knowledge that use of the Plaintiff's Trademarks for use for and in the operation of the Infringing Operations is was not authorized or licensed by Plaintiff.

60. Defendants' aforesaid acts are in knowing and willful violation of Plaintiff's rights under Chapter 417.061 of the Missouri Revised Statutes.

61. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

## COUNT VI

### MISSOURI COMMON LAW UNFAIR COMPETITION

62. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

63. Plaintiff has built a substantial commercial advantage through consistent use and promotion of its Trademarks.

64.     Defendants' intentional adoption and use of the federal and/or common law trademarks has caused or is likely to cause confusion, mistake, or deception among consumers as to the source of Defendants products and any affiliation, connection, or association with Plaintiff's retail operations.  Upon information and belief, Defendants have acted intentionally, wilfully and deliberately and intend to trade on the good will of Plaintiff's trademarks.

65.     Defendants' actions in adopting and using Plaintiff's trademarks constitute a misappropriation of commercial advantage belonging to Plaintiff under Missouri common law.  Defendants' actions in adopting and using Plaintiff's Trademarks despite being aware of Plaintiff's prior use, ownership, and registration of the trademarks constitutes bad faith.

66.     Plaintiff seeks a preliminary and permanent injunction preventing Defendants from using Plaintiff's trademarks, all or a portion of Plaintiff's Trademarks or any derivation thereof, or any designation similar thereto in advertising, marketing, or in any other manner and damages.

### JURY DEMAND

67.     Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, D.C. Inc., respectfully requests entry of judgment in its favor and against Defendants on all of the above causes of action as follows:

A.     That this Court preliminarily and permanently enjoin Defendants, their officers agents, servants, employees, attorneys and all persons in active concert or participation with any of them:

1. From using in any manner the Dirt Cheap's Trademarks, or any other designation that is confusingly similar to Dirt Cheap's marks, including, but not limited to the Infringing Trademarks, as to be likely to cause confusion, deception or mistake on or in connection with the operation of retail liquor and tobacco establishments not Plaintiff's, or not authorized by Plaintiff, or is likely to dilute Dirt Cheap's Trademarks;

2. From committing any acts calculated to cause purchasers to believe that the Defendants' retail establishments and products sold therein are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

3. From further diluting and infringing the Dirt Cheap's Trademarks, and damaging Plaintiff's goodwill;

4. From otherwise competing unfairly with Plaintiff in any manner; and

5. From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

B.  That this Court enter a judgment finding that Defendants have infringed, and willfully infringed, the Dirt Cheap Trademarks.

C.  That this Court enter a judgment finding that Defendants have diluted, and willfully diluted, the Dirt Cheap Trademarks.

D.  That this Court enter a judgment finding that Defendants' use of the Infringing Trademarks have caused and/or are likely to cause confusion among the general purchasing Public.

E.  That this Court enter a judgment finding that Defendants' use of the Infringing Trademarks have caused and/or are likely to cause initial interest and post-sale confusion among the general purchasing public.

F.  That this Court enter a judgment that the use or proposed use of the Pending Cheap Cheap Trademark Application (Trademark Application Serial No.

850375577) causes confusion or is likely to cause confusion with Dirt Cheap Trademarks, dilutes the distinctive quality of Dirt Cheap Trademarks, and is likely to cause dilution of the distinctive quality of the Dirt Cheap Trademarks.

G.  That this Court Order the withdrawal and abandonment of the Pending Cheap Cheap Trademark Application;

H.  That this Court certify the above orders to the Director of the United States Patent and Trademark Office so the Director may make the appropriate entry upon the records of the Patent and Trademark Office pursuant to the Lanham Act, 15 U.S.C. § 1119.

I.  That this Court order Defendants to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, signs, labels and any other materials in their possession, custody, or control that depict or reference the trademarks covered by this Court's judgment;

J.  That this Court order Defendants to file with this Court and to serve upon Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any injunction resulting from this matter within thirty days after service of such injunction.

K.  That this Court award Dirt Cheap such damages, compensatory and otherwise, as the proof may show.

L.  That this Court award Dirt Cheap its reasonable attorneys' fees and costs incurred in connection with this action.

M.  That this Court grant such other and further relief as this Court may deem just, proper and equitable under the circumstances.

          */s/ Timm W. Schowalter*
Timm W. Schowalter, #66308
Michael J. Smith, #57972
James C. Hetlage, #3391
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939
(314) 621-6844 Fax
tschowalter@lashlybaer.com
msmith@lashlybaer.com
jhetlage@lashlybaer.com

Attorneys for Plaintiff D.C., Inc.